IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| BRENT ALAN MCLEAN, #663292 | § | |
| VS. | § | CIVIL ACTION NO. 4:07cv298 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is complaining about his Denton County conviction for felony sexual performance by a child and possession of child pornography. Cause No. F2005-0312-B. On April 29, 2005, in exchange for a plea agreement of fifteen years and waiver of the first enhancement paragraph, Petitioner pleaded guilty to both counts and true to the second enhancement paragraph. That day, the trial court found Petitioner's plea substantiated and sentenced him according to the plea agreement. Petitioner did not file a direct appeal or a petition for discretionary review. However, on November 1, 2005, he filed an application for state writ of habeas corpus, which was denied without written order on the findings of the trial court on May 2, 2007. *Ex parte McLean*, No. 27,322-03, SUPP at cover.

1

Petitioner filed the instant federal writ of habeas corpus on June 20, 2007, alleging several grounds for relief:

1. His due process rights were violated when the trial court failed to hold a state habeas evidentiary hearing instead of relying on a "paper" hearing, leading to an unreasonable determination of Petitioner's grounds for relief.

2. His guilty plea was involuntary based on ineffective assistance of counsel;

3. His trial counsel was ineffective when

   a. counsel failed to urge a motion to suppress evidence for lack of probable cause in the search warrant;

   b. counsel failed to sever the two offenses; and

   c. counsel failed to discuss the possibility of a recusal hearing because the judge who issued the search warrant would be the same to determine the validity of the search warrant.

The Attorney General provided a Response, asserting that several of Petitioner's claims are procedurally barred, and the others are without merit. Petitioner filed a Reply in response to the Attorney General's Response.

## Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-

80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that

3

application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v.*

*Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

<u>State Proceedings</u>

As a threshold issue, Petitioner asserts that he did not receive a full and fair hearing on his state habeas petition. Accordingly, he claims that the presumption of correctness afforded state proceedings should not apply in this case because the "paper" hearing resulted in an unreasonable determination of Petitioner's grounds for relief.

Initially, the Court notes that alleged infirmities in state habeas proceedings are not grounds for federal habeas relief. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004). Factual determinations made by a state court are reviewed for reasonableness in light of the evidence, and the state court's presumption of correctness is especially strong where the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 454 (5th Cir. 2001) (rev'd no other grounds, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003)). The presumption of correctness applies not only to express findings of fact, but also to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez,* 274 F.3d at 948 n. 11. Section 2254(e) states that if the applicant failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (3) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254 (e)(2).

Petitioner has not alleged, nor provided evidence, that his claims rely on a new rule of

5

constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). He has also failed to allege facts that would be sufficient to establish by clear and convincing evidence that, but for the alleged error, he would not have been found guilty of the underlying offense. *Id.*, § 2254(e)(2)(B).

When presenting a claim in state court, an applicant must diligently develop the record and present all possible claims of constitutional error, as shown by Section 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420, 437, 120 S. Ct. 1479, 1491, 146 L. Ed.2d 435 (2000). If the applicant failed to diligently develop the record and present all possible claims, then he has contributed to the "absence of a full and fair adjudication in state court," and the federal court is prohibited from holding an evidentiary hearing to develop the relevant claims unless the applicant can meet the statute's other stringent requirements. *Id.* In the instant case, since the Texas Court of Criminal Appeals denied Petitioner relief on his claims based on the merits, Petitioner must show how the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

In this case, the same judge presided over both Petitioner's trial and state habeas proceedings, warranting an especially strong presumption of correctness. *Miller-El*, 261 F.3d at 454. The judge made findings of fact and conclusions of law evidenced by specific, comprehensive written findings supported by and rooted in the trial record. Even if a "live" hearing was not held that included testimony from witnesses, the Fifth Circuit has held that a "hearing by affidavit" meets the purposes

of Section 2254 because "the only procedural requirements that must be satisfied for there to be a hearing on the merits of a factual issue are: (1) the habeas applicant and the state or its agent must be parties to the state proceeding, and (2) the state court determination must be evidenced by a written finding, written opinion, or other reliable and adequate written indicia." *Smith v. Estelle*, 7117 F.2d 677, 681 (5th Cir. 1983) (citing *Sumner v. Mata*, 449 U.S. 539, 101 S. Ct. 764, 66 L. Ed.2d 722 (1981)). A federal court must defer to the state court's findings when both requirements are met unless the hearing was inadequate under the circumstances or the findings are determined not to be fairly supported by the record. *Id*. In this case, both requirements were met, and Petitioner has not shown that the hearing was inadequate or that the findings are not fairly supported by the record.

The Fifth Circuit has repeatedly found that a "paper hearing" is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying the petitioner's claim, especially where the trial court and the state habeas court were one in the same. *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Both Petitioner and the State were represented on "paper" during the state proceedings through various filings including affidavits, and the state court determination was evidenced by a written finding, written opinion, or other reliable and adequate written indicia. *Smith*, 7117 F.2d at 681. Petitioner has not shown that the state hearing was inadequate under the circumstances or that the state findings are not fairly supported by the record. *Smith*, 7117 F.2d at 681. Moreover, the law in this circuit is clear that, in contrast to the pre-AEDPA law, deference to a state habeas court's factual determinations is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez*, 274 F.3d 941. In *Valdez*, the Fifth Circuit Court gave deference to the state habeas factual findings even where exhibits were lost and thus ignored by the state court, holding that "a full and fair hearing is not a precondition to according § 2254(e)(1)'s presumption

7

of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review." *Id*. at 951. The Fifth Circuit Court concluded that deference was owed unless the state findings were rebutted by clear and convincing evidence to the contrary. *Id*.

In sum, Petitioner has failed to rebut with clear and convincing evidence that the state habeas court's factual determinations should not be afforded the presumption of correctness. *Id*. A federal district court must be deferential to state court findings supported by the record. *See Pondexter*, 346 F.3d at 149-152. A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472. Petitioner also has not shown that he is now entitled to an evidentiary hearing on the matter. *United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984) (district court's denial of hearing not an abuse of discretion when it has sufficient facts before it to make an informed decision on the merits of Petitioner's claims). This issue lacks merit.

## Procedural Defaults

Petitioner asserts that his plea was involuntary based on his trial counsel's ineffectiveness. He also asserts that his counsel was ineffective for failing to discuss the possibility of a recusal hearing. In each of these issues, Petitioner failed to properly present these allegations to the Texas Court of Criminal Appeals. Thus, these claims are procedurally barred.

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *citing Coleman*, 501 U.S. at 735 n.1. If Petitioner presented the claims at this time to the Texas Court of Criminal Appeals in another state writ application, the court would

8

find the claims to be procedurally barred under the Texas abuse of the writ doctrine. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon Supp. 2004); *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Thus, Petitioner's claims would be barred from federal habeas review under the federal procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995), *cert. denied*, 515 U.S. 1153 (1995) (the Texas abuse of the writ doctrine is an adequate procedural bar for purposes of federal habeas review). The procedural bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id*.; *Finley v. Johnson*, 243 F.3d 215, 200 (5th Cir. 2001).

In his Reply, Petitioner urges that there should be no procedural default for his failure to properly exhaust state remedies. However, he has failed to overcome the procedural bar by demonstrating either cause and prejudice for the defaults or that a fundamental miscarriage of justice would result from the court's refusal to consider the claims. *Fearance,* 56 F.3d at 642; *Finley*, 243 F.3d at 200. Accordingly, these claims are procedurally barred from federal habeas review.

## Ineffective Assistance of Counsel

Petitioner next alleges two additional instances of ineffective assistance of counsel.

## Legal Standard

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. At

9

2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id*., 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*., 466 U.S. at 697, 104 S. Ct. 2052.

Analysis - Failure to Urge a Motion to Suppress

Petitioner asserts that his trial counsel was ineffective for failing to urge a motion to suppress. Specifically, he argues that the search warrant was not supported by probable cause, but was based on stale information and conclusory statements. A determination of ineffectiveness "depends on whether either a suppression motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

The state habeas court considered this issue and made the following relevant findings of facts on February 20, 2007:

> 7. This Court signed a search warrant on October 18, 2004, that authorized a search of Applicant's residence on Sweet Leaf Drive in Little Elm, Texas. A review of the record reveals that trial counsel explained to Petitioner that he believed the search warrant was valid. However, he discussed options for challenging the search warrant with Petitioner.

10

> 8. Applicant's defense counsel reviewed, at length, both the search warrant and the underlying affidavit, and discussed both with Applicant.
>
> 9. Applicant's defense counsel also discussed with Applicant the fact that the assistant district attorneys had indicated that they would withdraw any plea offer if they had to go to a contested hearing on the validity of the search warrant.
>
> 10. Applicant's defense counsel and Applicant discussed the fact that this Court had signed the search warrant, that this case was filed in the same court, and the very small chance that this Judge would reverse himself at a contested hearing.
>
> 11. After explaining to Applicant, in detail, what his choices were and all of the potential outcomes, Applicant came to the decision that it was in his best interest to accept the plea offer from the District Attorney's Office. Applicant was afforded every opportunity to take his case to trial or have a hearing on his case. . . .
>
> 12. On April 29, 2005, Applicant signed a statement asserting, among other things, "It was my decision and my decision alone to accept this plea bargain offer."
>
> 13. On April 29, 2005, Applicant also signed a statement asserting, "My attorney did advise me that he was ready, willing and able to take my case to a jury trial and he has done everything that I have asked him to do."

*Ex parte McLean*, at 13-14. The state habeas court also made the following conclusions of law:

> 1. Credible evidence exists to support that Applicant's defense counsel, Ed Brownlee, reviewed the search warrant and underlying affidavit, discussed Applicant's options with him thoroughly, and, based on the information he had before him, Applicant decided to forgo a jury trial and accept the State's plea offer. As such, Applicant did not receive ineffective assistance of counsel. Applicant has neither demonstrated that defense counsel's performance was deficient, nor has he shown that he was deprived of a fair trial.
>
> 2. Because it was the defense's trial strategy to accept the plea offer, it cannot be concluded that counsel's performance was deficient by failing to challenge the validity of the search warrant.

11

*Id.*, at 14.

A federal court must defer to state court findings supported by the record. *Pondexter*, 346 F.3d at 149-152. The record reflects that trial counsel explained to Petitioner his options and the highly unlikely chance that the judge would find that the search warrant was invalid. When faced with the potential loss of the plea agreement, Petitioner made the decision to forgo challenging the search warrant in favor of accepting the plea offer. Counsel will not be deemed ineffective for following a client's wishes, as long as the client made an informed decision. *See Dowthitt v. Johnson*, 230 F.3d 733, 748 (5th Cir. 2000). Petitioner has also failed to demonstrate that a suppression motion, had it been made, would have been granted. *Oakley*, 827 F.2d at 1025.

In this case, the same judge presided over both Petitioner's trial and state habeas proceedings, warranting an especially strong presumption of correctness. *Miller-El*, 261 F.3d at 454. Petitioner has failed to rebut the presumption of correctness owed to the trial court's factual findings with clear and convincing evidence to the contrary. *Valdez*, 274 F.3d at 947. State court findings supported by the record are owed deference by a federal district court. *Pondexter*, 346 F.3d at 149-152. Petitioner has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. He has also not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is without merit.

Analysis - Failure to Sever the Two Offenses

Petitioner claims his trial counsel was ineffective for failing to sever the two counts for which he was charged. The Fifth Circuit has held that when severance is not required as a matter of law, counsel's failure to seek such relief does not constitute incompetency. *United States v. Garza,* 563 F.2d 1164, 1166 (5th Cir. 1977). The Fifth Circuit noted that when severance is not required as a matter of law, the failure to seek such relief can amount to nothing more than a "mistaken tactical decision." *Id.*

First, Petitioner fails to show that severance was required as a matter of law. *Id.* Article 21.24 of the Texas Code of Criminal Procedure states that two or more offenses may be joined in a single indictment, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined by Chapter 3 of the Penal Code. Texas Code Crim. Proc. art. 21.24. Moreover, Petitioner pleaded guilty. A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984).

This Court has already determined that Petitioner is procedurally defaulted from raising the voluntariness of his plea. However, Petitioner has failed to demonstrate that his guilty plea was involuntary or unknowing. Federal courts do not consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996); *see also United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

Furthermore, had trial counsel severed the counts and proceeded to trial, Petitioner would have lost the protection of Texas Penal Code § 3.03 that provides for concurrent sentencing for joined offenses. Had he severed the counts, Petitioner could have been facing stacked sentences rather than the concurrent sentences he received pursuant to the plea agreement. Petitioner has simply failed to show that counsel performed deficiently or that a reasonable probability exists that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. This issue is without merit.

## Conclusion

Petitioner has failed to show that his issues have merit. Further, in each of his claims, he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, his petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 15th day of September, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE